# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *
DAVID TUTT, as personal representative
of the Estate of THOMAS TUTT, deceased,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.
* * * * * * * * * * * * * * * * * * * * * * * *

No. 16-385V
Special Master Christian J. Moran

Filed: January 14, 2022

Attorneys' fees and costs

Karen H. Ross, Law Office of Karen Ross, Henderson, NV, former counsel for petitioner;
Amber D. Wilson, Wilson Science Law, Washington, DC, counsel for petitioner;
Mitchell Jones, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

Thomas Tutt alleged that an influenza ("flu") vaccine caused him to suffer from transverse myelitis ("TM"). He sought compensation pursuant to the National Childhood Vaccine Injury Compensation Program. See 42 U.S.C. §§300aa-10 through 34 (2012).[2]

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

[2] While the case was pending, Thomas Tutt died. His son, David Tutt, is the executor of Thomas Tutt's estate and has continued the litigation after Thomas Tutt's death. Whether Thomas Tutt or David Tutt was the petitioner does not affect the outcome of this motion.

While the question of whether petitioner is entitled to any compensation remains pending, petitioner's former attorney filed a motion requesting an award of attorneys' fees and costs on an interim basis. Pet'r Mot., filed Oct. 18, 2021.

For the reasons that follow, petitioner is awarded **$67,648.66**.

## **PROCEDURAL HISTORY**

Thomas Tutt retained attorney Karen Ross to file a petition for compensation. Ms. Ross did so on March 25, 2016. In the following month, petitioner filed all pertinent medical records. See Pet'r Statement of Completion, filed Apr. 21, 2016. The parties submitted several expert reports and continued to participate in status conferences with the undersigned. See exhibit 18 (report of Dr. Norris); exhibit 23 (report of Dr. Kurn); exhibit 25 (report of Dr. Norris); exhibit 73 (report of Dr. Kurn); exhibit 74 (report of Dr. Kurn); exhibit A (report of Dr. Alexander); exhibit G (report of Dr. Alexander). After the submission of expert reports, a hearing was held on February 15, 2018 in Albuquerque, New Mexico. The parties have yet to file briefs regarding entitlement.

On October 18, 2021, Ms. Ross filed a motion for attorneys' fees and costs for her work through that date. The Secretary filed a response on November 15, 2021, deferring to the undersigned's discretion to determine a reasonable fees award.

On October 19, 2021, petitioner filed a consented motion to substitute attorney Ms. Amber Wilson as counsel in place of Karen Ross. To evaluate the fees motion, on November 19, 2021, the undersigned ordered petitioner to file a status report explaining the identities and experience of Ms. Ross's colleagues. On December 20, 2021, petitioner filed a status providing supplemental information and a revised fees request. This matter is ripe for adjudication.

# ANALYSIS

Petitioner's motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question. First, whether petitioner is eligible under the Vaccine Act to receive an award of attorneys' fees and costs? Second, whether, as a matter of discretion, petitioner should be awarded her attorneys' fees and costs on an interim basis? Third, what is a reasonable amount of attorneys' fees and costs? These questions are addressed below.

### 1. Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Since petitioner has not received compensation from the Program, he may be awarded "compensation to cover [his] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1). As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard. Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred. Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The Secretary has not challenged petitioner's good faith here, and there is little doubt that petitioner brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence. Simmons, 875 F.3d at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence. See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660 at *12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014). Here, the Secretary did not challenge the reasonable basis. See Resp't's Resp., filed Nov. 15, 2021, at 2. Thus, petitioner satisfies the reasonable basis.

3

See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."); Harding v. Sec'y of Health & Human Servs., 146 Fed. Cl. 381, 392 n. 7 (2019) ("Both with respect to issues such as 'reasonable basis' and the amount of attorney's fees and costs claimed by a petitioner, the Special Master is entitled to receive the input of the respondent represented by the United States Department of Justice on petitioner's claims for attorney's fees and costs, not just when the respondent chooses to do so."). In any event, the reports of Dr. Kurn and Dr. Norris satisfy the reasonable basis standard.

### 2. Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right. Avera, 515 F.3d at 1352. Instead, petitioners must demonstrate "undue hardship." Id. The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained. Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding." In the undersigned's practice, interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months. Petitioner clears both hurdles.

### 3. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." Hines v. Sec'y of Health & Human Servs., 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgement to reduce

the number of hours billed to a level they find reasonable for the work performed. Saxton ex rel. v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

Petitioners "bear[] the burden of establishing the hours expended, the rates charged, and the expenses incurred." Wasson v. Sec'y of Health & Human Servs., 24 Cl.Ct. 482, 484 (1991), aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. Id. at 484 n.1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

Here, Ms. Ross initially sought $80,736.25 in attorneys' fees and $37,377.09 in costs for a total award of $118,113.34. Pet'r Mot., filed Oct. 18, 2021. The Secretary filed a response, deferring to the undersigned's discretion regarding an appropriate award. Resp't's Resp., filed Nov. 15, 2021. On November 19, 2021, the undersigned ordered petitioner to file a status report explaining the identities and experience of Ms. Ross's colleagues to better assess their hours and rates. On December 20, 2021, petitioner filed a status providing supplemental information and an updated fees application. Ms. Ross now seeks $75,933.00 in fees and $36,075.91 in costs for a total award of $112,008.91.

### A. Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. See Blum, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. at 895 n.11. A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. Avera, 515 F.3d at 1349. If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall." Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience

5

of the practicing attorney. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), mot. for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[3]

### 1) Karen Ross

The proposed hourly rate for Ms. Ross's work is flat. In other words, the proposed rate does not vary from year to year, but rather reflects a consistent rate over the multiple years she worked on this case. Ms. Ross's proposed hourly rate, $250.00 per hour, is reasonable and accepted.

### 2) KA

In the fees motion, work performed by "KA" was billed at a rate of $175.00 per hour. KA was subsequently identified as Kelly Anderson, a paralegal in Ms. Ross's office.

This rate is above the range for paralegals approved by the undersigned and other special masters in recent decisions. See Spector v. Sec'y of Health and Hum. Servs., No. 15-401V, 2020 U.S. Claims LEXIS 395 at *6 (Fed. Cl. Spec. Mstr. Feb. 27, 2020) (compensating paralegal time at $145.00 per hour for 2015-2016 and $148.00 per hour for 2017); see also Martin v. Sec'y of Health and Hum. Servs., No. 19-830V, 2021 U.S. Claims LEXIS 1798 (Fed. Cl. Spec. Mstr. July 30, 2021) (reducing fees award because rates for paralegal exceeded Vaccine Program's published ranges). The undersigned finds the rates established in these cases to be reasonable and will reduce the rates requested in this case accordingly.

For Ms. Anderson's time, the undersigned shall award the rate of $145.00 per hour for time billed in 2016 and 2017, $150.00 per hour for time billed in 2018 and 2019, and $160.00 per hour for time billed in 2020 and 2021.

---

[3] The 2015–2016, 2017, 2018, 2019, 2020, and 2021 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

### 3) VCM

Ms. Ross was assisted on this case by "VCM" between May 21, 2015 and March 2, 2017. In the fees motion, VCM billed at a rate of $225.00 per hour for all of her work. In the subsequent status report, Ms. Ross identified "VCM" as Victoria Mullins, a Nevada attorney who was admitted to practice law on March 11, 2016. The revised fees request notes Ms. Mullins performed work as a law clerk at a rate of $185.00 per hour, and as an associate attorney at a rate of $225.00 per hour. The majority of the work is now billed at the clerk's rate, and much of the work detailed can be classified as paralegal and clerical tasks.

The proposed rates for Ms. Mullins require adjustments. Ms. Ross's firm was not entitled to attorney rates for Ms. Mullins's work until March 11, 2016, when she was admitted to practice law in Nevada. See Pet'r's Status Rep., filed Dec. 20, 2021, at 1.

In a reasoned decision, another special master determined that work by law students at the GW Vaccine Injury Clinic should be compensated at a rate of $145.00 per hour in 2015. See Miller v. Sec'y of Health & Hum. Servs., No. 13-914V, 2016 U.S. Claims LEXIS 371 (Fed. Cl. Spec. Mstr. Apr. 12, 2016); Davis v. Sec'y of Health & Hum. Servs., No. 15-159V, 2017 U.S. Claims LEXIS 173 (Fed. Cl. Spec. Mstr. Feb. 7, 2017).

As such, the undersigned finds the appropriate rate for Ms. Mullins's work as a law clerk to be $145.00 per hour.

The proposed hourly rate of $225.00 per hour is for Ms. Mullins's work as an attorney is also unreasonable. The 2015-2016 McCulloch rates for attorneys with less than four years of experience is between $150.00 per hour and $225.00. For 2017, the range is between $153.00 and $230.00. Neither Ms. Ross nor Ms. Mullins have provided additional context to justify the $225.00 per hour rate for an attorney new to the practice. Given her limited overall legal experience, the undersigned finds the appropriate rate for Ms. Mullins's work as an attorney to be $155.00 per hour.

### 4) EPT

Ms. Ross was also assisted by "EPT" on October 17, 2019 and February 2, 2020. In the fees motion, EPT's work was billed at a rate of $250.00 per hour. In the subsequent status report, Ms. Ross identified EPTA as Evan Thalgott, a Nevada

7

attorney admitted to practice on December 7, 2020. Ms. Ross clarified that Mr. Thalgott worked as a law clerk, not an attorney, and revised his rate to $185.00 per hour.

The proposed rates for Mr. Thalgott require adjustments. Like Ms. Mullins, Mr. Thalogtt is not entitled to rates commensurate with attorneys for the work he performed as a clerk. $156.00 per hour is the upper limit of the 2019 McCulloch rate for paralegals, and $163.00 per hour is the upper limit for 2020. No reasons were provided to justify the new proposed rate of $185.00 per hour. Given his limited experience as a law student, the undersigned finds the appropriate rate for Mr. Thalgott's work as a clerk to be $145.00 per hour.

### 5) KS

In the fees motion, work performed by "KS" was billed at a rate of $175.00 per hour. All of KS's work was performed in 2015. In the subsequent status report, Ms. Ross identified KS as Kevin Schweitzer, another law clerk that assisted her. Without explanation, his proposed rate was increased to $185.00 per hour.

These rates for Mr. Schweitzer's work are unreasonable. The 2015 - 2016 forum hourly rate for paralegals has a range of $125.00 - $145.00 per hour. Ms. Ross's status report does not state any details about Mr. Schweitzer work experience or whether he attended law school or paralegal studies. The undersigned reduces the rate to $130.00 per hour for Ms. Schweitzer's contributions.[4]

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton, 3 F.3d at 1521. The Secretary did not challenge any of the requested hours as unreasonable.

---

[4] The undersigned is aware that Ms. Ross has represented only a few petitioners in the Vaccine Program and, thus, has submitted few fee applications. This inexperience might explain some of the errors in how Ms. Ross presented information about people who assisted her. However, Ms. Ross is instructed to bill time for her associates more carefully in any future fee applications.

Petitioner requests compensation for 199 attorney hours billed by Ms. Ross and 13.4 attorney hours billed by Ms. Mullins.  10.1 hours are billed for Mr. Thalgott's time, 10.5 hours for Mr. Schweitzer's time, and 70.2 hours for Ms. Mullins's time as a law clerk.  Paralegal hours total 36.40 hours.  Although the undersigned has carefully reviewed the petitioner's fees request, a line-by-line evaluation of the billing records is not required.  See Wasson, 24 Cl. Ct. at 484.  Special masters may rely on their experience to determine the reasonable number of hours expended.  Id.; see also Saxton, 3 F.3d at 1521.

While the time entries generally provide adequate detail to assess reasonableness, there are some noteworthy issues involving vague entries, as well as duplicative and excessive billing.  Other issues include billing long calls with the client and lengthy evaluations of filings, expert reports, and cases.  To accomplish rough justice, the undersigned will reduce the requested hours for Ms. Ross by 10%.  Gabbard v. Sec'y of Health & Hum. Servs., No 99-451V, 2009 WL 1456434 (Fed. Cl. Spec. Mstr. Apr. 30, 2009) (reducing attorney's hours by 10%).

Additionally, Ms. Ross billed a total of $3,467.50 for time spent traveling to and from the hearing.  Generally, counsel is compensated at half her normal hourly rate during travel unless performing specifically compensable case work.  Scott v. Sec'y of Health & Human Servs., No. 08-756V, 2014 WL 2885684 (Fed. Cl. Spec. Mstr. June 5, 2014); see also Masias v. Sec'y of Health & Human Servs., No. 99-697V, 2009 WL 1838979, *41 (Fed. Cl. Spec. Mstr. June 12, 2009), mot. for rev. denied (slip. op. Dec. 10, 2009), aff'd in non-relevant part, 634 F.3d 1283 (Fed. Cir. 2011).  As such, petitioner will be awarded $1,733.75 for Ms. Ross's travel costs rather than the full amount requested.

The numbers of hours billed for the law clerks and paralegal are reasonable in light of the adjusted rates and are therefore accepted.  The number of hours billed for Ms. Mullins's work as an attorney is also reasonable and accepted.

Accordingly, petitioner is awarded attorneys' fees in the amount of $63,583.75.

C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requested $36,075.91 in attorneys' costs, consisting of fees paid to experts and acquiring medical records.

See Pet'r's Fees Mot., filed Oct. 18, 2021, at 8-9. The expert-related costs total $32,011.00, and non-expert costs total $4,064.91. The non-expert costs are reasonable and are therefore accepted.

However, the costs for the experts cannot be accepted now. The primary experts are Dr. Norris and Dr. Kurn. Ms. Ross has not offered any evidence to justify the proposed hourly rate for them. Moreover, the undersigned has not heard Dr. Norris or Dr. Kurn testify. Because the quality of the expert's work is a factor that should be considered when determining the appropriate rate, it is advantageous to have heard the expert witness's testimony before making this determination when possible. See Schultz v. Sec'y of Health & Human Servs., No. 16-539V, 2019 WL 5098963, at *4-5 (Fed. Cl. Spec. Mstr. Aug. 28, 2019) (denying mot. for reconsideration on this point); Jones v. Sec'y of Health & Human Servs., No. 16-864V, 2019 WL 5098965, at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2019); Nifakos v. Sec'y of Health & Human Servs., No. 14-236V, 2018 WL 7286553, at *5 (Fed. Cl. Spec. Mstr. Dec. 12, 2018) (deferring award when expert's invoice is not detailed); Al-Uffi v. Sec'y of Health & Human Servs., No. 13-956V, 2015 WL 6181669, at *14 (Fed. Cl. Spec. Mstr. Sept. 30, 2015) (noting that interim expert costs are more commonly awarded after a hearing). Thus, the costs associated with Dr. Norris, and Dr. Kurn are deferred.

Costs associated with Dr. Gershwin are also deferred. Although special masters have determined a reasonable hourly rate for him in other cases, petitioner has not presented any report from Dr. Gershwin. Without having a product to assess, determining the quality of Dr. Gershwin's work is difficult. The motion for attorneys' fees did not otherwise justify the participation of Dr. Gershwin. Accordingly, petitioner may renew a request for costs associated with all three experts as part of an application for final attorneys' fees.

Accordingly, petitioner is awarded costs in the amount of $4,064.91.

\*   \*   \*

Accordingly, petitioner is awarded:

**A lump sum of $67,648.66 in the form of a check made payable to petitioner** (Estate of Thomas Tutt, David Tutt, as Executor) **and petitioner's attorney, Karen H. Ross**.

      This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e) for work incurred before January 8, 2018. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED.**

                                                <u>s/Christian J. Moran</u>
                                                Christian J. Moran
                                                Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).