# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Reissued for publication: July 9, 2026

```
* * * * * * * * * * * * * * * * * * * * * * * *
DAVID TUTT, as personal representative       *
of the Estate of THOMAS TUTT, deceased,      *
                                             *
                                             *      No. 16-385V
                   Petitioner,               *      Special Master Christian J. Moran
                                             *
v.                                           *
                                             *      Filed: April 22, 2025
SECRETARY OF HEALTH                          *
AND HUMAN SERVICES,                          *
                                             *
                   Respondent.               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Amber D. Wilson, Wilson Science Law, Washington, DC, counsel for petitioner;
Mitchell Jones, United States Dep't of Justice, Washington, DC, for respondent.

**PUBLISHED ORDER GRANTING MOTION FOR LEAVE TO FILE NEW EXPERT**[1]

For a variety of reasons, David Tutt's Vaccine Program case, which was filed in 2016, remains unresolved. The Secretary seeks to extend the case further because the expert whom the Secretary retained no longer wants to participate in litigation at least in part due to an illness. Mr. Tutt opposes the Secretary's motion to obtain another expert. For the reasons that follow, the Secretary's motion is granted.

---

[1] Because this order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the order will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

**Procedural History[2]**

Represented by Attorney Karen Ross, Thomas Tutt filed his petition on March 25, 2016. Ms. Ross had relatively little experience as she previously represented only one petitioner in the Vaccine Program. With Ms. Ross's assistance, Mr. Thomas Tutt alleged that a November 14, 2013 flu vaccine caused him to suffer transverse myelitis. Regardless of its cause, the transverse myelitis destroyed Mr. Tutt's ability to walk. He was a tetraplegic.

As support for this claim, Mr. Tutt filed affidavits and medical records. In his affidavit, Mr. Tutt asserted that he had neck pains on Wednesday, November 27, 2013. Exhibit 17 ¶ 4. Mr. Tutt retained an expert, Dr. Kurn, who opined that these neck pains were prodromal symptoms of the transverse myelitis. Exhibit 23 at 14.

The Secretary disputed Mr. Tutt's claim. The Secretary maintained that a 69-day time between vaccination and onset of transverse myelitis was not appropriate. The Secretary also identified an upper respiratory infection diagnosed on January 13, 2014, approximately 11 days prior to Mr. Tutt's transverse myelitis diagnosis, as a potential alternative cause of the transverse myelitis. See Resp't's Rep., filed Aug. 2, 2016, at 2-3, 6-7. The Secretary added the opinion of David Alexander, who also stated that the infection was the cause of the transverse myelitis. Exhibit A.

Whether Mr. Tutt had neck pains in the weeks after his vaccination appeared to be a critical aspect of the expert opinion. Thus, a hearing was held on February 15, 2018, in Albuquerque, New Mexico, in which seven witnesses, including Mr. Tutt, testified.

Thomas Tutt died on November 25, 2018. See Pet'r's Status Rep't, filed March 21, 2019 ¶ 1. The personal representative of Thomas Tutt's estate is David Tutt, who is now the petitioner.

Around the time Thomas Tutt died, Ms. Ross was suspended from practicing law. Her absence from the case hindered and delayed the parties' submission of briefs regarding proposed findings of fact. Eventually, after Ms. Ross was reinstated, the briefing process resumed.

Findings of Fact issued on February 3, 2020. Mr. Tutt requested an opportunity for his experts to review these findings. This process took longer than expected. For example, Dr. Kurn's first attempt did not accept the Findings of Fact. See Order, issued August 3, 2020; Exhibit 74, filed July 27, 2020.[3]

---

[2] The procedural history both explains why this case has been pending for more than eight years and provides context for granting the Secretary's motion.

[3] This report was later stricken and refiled as Exhibit 83.

As Mr. Tutt's experts were responding to the Findings of Facts, Amber Wilson replaced Ms. Ross as counsel on October 19, 2021.[4]  Ms. Wilson has a great deal of experience in Vaccine Program litigation.

Acting for David Tutt, Ms. Wilson supported his claim with a report from Enrique Aradillas.  Exhibit 81, filed March 18, 2022.  Ms. Wilson also properly filed reports from Dr. Kurn.  See Pet'r's Notice of Filing, filed March 20, 2022.

About six months later, the Secretary and Dr. Alexander addressed these opinions.  Exhibit G (filed September 12, 2022).  Dr. Aradillas responded.  Exhibit 97 (filed December 16, 2022).  The Secretary stated that additional reports from experts were not needed.  Resp't's Status Rep't, filed April 28, 2023.

The parties were instructed to argue through briefs.  Order, issued May 23, 2023.  They were also invited to consider settlement.

Mr. Tutt filed his brief on August 28, 2023.  Rather than respond with a brief as previously anticipated, the Secretary requested an opportunity to explore settlement.  Resp't's Mot., filed Oct. 27, 2023.  However, these efforts were not successful.  Resp't's Status Rep't, filed Mar. 18, 2024.

Without a settlement, the parties returned to litigation.  The Secretary submitted his brief on April 30, 2024 and Mr. Tutt replied on May 30, 2024.

Roughly five months later, the undersigned determined a hearing was appropriate.  Order, issued October 24, 2024.  Within about two weeks of this order, counsel for the Secretary emailed Dr. Alexander about scheduling a hearing.  Appendix to Resp't's Am. Motion for Leave to Retain a New Expert, filed February 12, 2025.[5]  About one month later, Dr. Alexander informed the Secretary's attorney that he was retiring.  The basis is vague but does mention cancer surgery.  Dr. Alexander also declined to participate in a videotaped deposition.

After a status conference, the Secretary was directed to file a status report regarding Dr. Alexander or a motion for leave to seek a new expert.  Order, issued Dec. 12, 2024.  The Secretary's first motion was not good.  It was essentially one paragraph.  The Secretary was, therefore, directed to file an amended motion.  Order, issued Jan. 27, 2025.

The revised motion was improved but still not particularly good.  For example, when asked to describe the standards for determining whether a party can replace an expert, the Secretary answered historically parties have replaced experts.  But, this response does not answer the question posed.

---

[4] Mr. Tutt received an interim award for Ms. Ross's work.  Decision, issued January 14, 2022.

[5] This appendix is the source of information about communications with Dr. Alexander.

Mr. Tutt opposed the request for a new expert.  In his view, the evidence preponderates in his favor.[6]  Mr. Tutt  also argues the Secretary does not have good cause  and a delay will prejudice him.[7]  Pet'r's Opp'n, filed Feb. 26, 2025.

## Analysis

Factors relevant to determining whether a party can identify a new expert witness include:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

Rimbert v. Eli Lilly & Co., 647 F.3d 1247, 1254 (10th Cir. 2011) (citation omitted).  Trial courts enjoy discretion "to admit later disclose evidence with or without sanctions."  D'Pergo Custom Guitars v. Sweetwater Sound, Inc., 340 F.R.D. 535, 537 (D. N.H. 2020).

### Prejudice and Opportunity to Cure

The first two factors, prejudice and opportunity to care, are like the two sides of one coin. Thus, they are considered together.

"A late disclosure that occurs well before trial, and with sufficient time to permit the opposing party to adjust its litigation strategy to avoid prejudice, is harmless."  D'Pergo, 340 F.R.D. at 537.  "The type of prejudice that rises to the level of warranting the exclusion of a witness's testimony under [the controlling precedent] is the inability of the opposing party to fully litigate the case and defend against the new testimony."  Rimbert, 647 F.3d at 1255.

Here, as prejudice is defined above, Mr. Tutt is not prejudiced.  After the Secretary discloses a report from a new expert, he will have a chance to respond.

The cases cited above do not involve the United States or one of its agencies as a defendant.  Arguably, in those cases, any delay in a non-government party compensating an injured individual could be ameliorated with prejudgment interest.  While Mr. Tutt suggests some similar process here (Pet'r's Opp'n at 12-13), awards of pre-trial interest against the United

---

[6] This position seems to assume that Dr. Alexander's chief opinion, that an intervening infection caused Thomas Tutt's transverse myelitis, is relevant only to the alternative factor issue. See Pet'r's Opp'n at 5.  However, sometimes an alternative cause plays a role in Althen prong two.  Winkler v. Sec'y of Health & Hum. Servs., 88 F.4th 958, 962-63 (Fed. Cir. 2023).

[7] Mr. Tutt also suggests settlement would be appropriate based, in part on the resolution of similar cases.  Pet'r's Opp'n at 8-10.  This factor is not relevant to deciding whether the Secretary can retain a new expert now.

4

States are generally forbidden.  <u>Library of Congress v. Shaw</u>, 478 U.S. 310 (1986); <u>Chiu v. United States</u>, 948 F.2d 711 (Fed. Cir. 1991).

Even if simple delay were tantamount to prejudice, Mr. Tutt would be hard pressed to argue about delay.  A primary reason this case has taken so long is Mr. Tutt's first attorney, Ms. Ross, was suspended from practicing law.  Her absence interfered with the process of finding facts after the February 15, 2018 hearing.  In addition, the unfortunate death of Thomas Tutt means that any delay in compensation does not affect his care.

Accordingly, these factors balance in favor of allowing a new expert.

<u>Disruption to Schedule</u>

Dr. Alexander withdrew himself when a hearing was being scheduled.  Thus, there is no schedule to be disrupted.  <u>See</u> <u>Rimbert</u>, 647 F.2d at 1254 ("the single most important fact about the posture of Rimbert's motion for a new scheduling order is that, at the time it was made, there was no longer any impending trial date or pretrial schedule remaining").

<u>Bad Faith or Willfulness</u>

Mr. Tutt has not presented any credible argument that the Secretary is acting in bad faith.  The only reason for replacing Dr. Alexander is that Dr. Alexander has stopped acting as an expert.

<b><u>Conclusion</u></b>

The legal standards governing the late addition of a new expert emphasize the potential prejudice to the nonmoving party.  In this context, prejudice primarily means whether the nonmoving party will have an opportunity to address the new expert.

Mr. Tutt will have an opportunity to respond to the expert the Secretary presents.  Thus, he is not prejudiced and, therefore, the Secretary's motion is granted.  The Secretary shall file a report from an expert within 60 days of this order.

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master